## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

GHASSAN J. AWALI, MARINA BERTI, VALERIE X
A. DASPIT, ARTHUR G. DENKER, RANDALL C. :
HEYWARD, STANLEY H. KRUPA, NICOLE :
LENZI, DAVID M. LUCOFF, JOSEPH F. :
MARTINGANO, MICHAEL S. MENDOLIA, :
PATRICIA K. MUNSHAW, BRIAN D. REESE, :
JAY J. RUPP, GILBERT P. TRAVIS, and JEWEL R. :
TRAVIS, Individually and on behalf of All Others :
Similarly Situated, :

                     Plaintiffs,

        vs.

FIDELITY MANAGEMENT AND RESEARCH :
COMPANY, FMR CO., INC., FMR CORP., :
FIDELITY DISTRIBUTORS CORPORATION, :
EDWARD C. JOHNSON III, ABIGAIL P. :
JOHNSON, EDWARD C. JOHNSON IV, :
ELIZABETH L. JOHNSON, PETER S. LYNCH, :
LAURA B. CRONIN, ROBERT L. REYNOLDS, :
ROBERT C. POZEN, J. GARY BURKHEAD, J. :
MICHAEL COOK, RALPH F. COX, ROBERT M. :
GATES, DONALD J. KIRK, MARIE L. KNOWLES, :
NED C. LAUTENBACH, MARGIN L. MANN, :
WILLIAM O. McCOY, WILLIAM S. :
STAVROPOULOS, GEORGE H. HEILMEIER, :
GERALD C. McDONOUGH, THOMAS R. :
WILLIAMS and JOHN DOES 1-100, :

                    Defendants, :

FIDELITY ADVISOR AGGRESSIVE GROWTH, :
FIDELITY ADVISOR ASSET ALLOCATION :
FUND, FIDELITY ADVISOR BALANCED FUND, :
FIDELITY ADVISOR BIOTECHNOLOGY FUND, :
FIDELITY ADVISOR CALIFORNIA MUNICIPAL :
INCOME FUND, FIDELITY ADVISOR :
CONSUMER INDUSTRIES FUND, FIDELITY :
ADVISOR CYCLICAL INDUSTRIES FUND, :
FIDELITY ADVISOR DEVELOPING :
COMMUNICATIONS FUND, FIDELITY :
ADVISOR DIVERSIFIED INTERNATIONAL :
**[Caption Continues On Next Page]** :

Civil Action No.

# 04  11709 RGS

**CLASS ACTION COMPLAINT**
**FOR EXCESSIVE FEES IN**
**VIOLATION OF SECTIONS 34(b),**
**36(b) AND 48(a) OF THE**
**INVESTMENT COMPANY ACT**
**AND SECTIONS 206 AND 215 OF**
**THE INVESTMENT ADVISERS**
**ACT, AND FOR BREACHES OF**
**FIDUCIARY DUTY**

**MAGISTRATE JUDGE** Bowler

**JURY TRIAL DEMANDED**

RECEIPT # 52671
AMOUNT $ 150
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. TDM
DATE 8/3/04

F:\FIDELITY\CMPLTAWA.WPD

FUND, FIDELITY ADVISOR DIVIDEND :
GROWTH FUND, FIDELITY ADVISOR :
DYNAMIC CAPITAL APPRECIATION FUND, :
FIDELITY ADVISOR ELECTRONICS FUND, :
FIDELITY ADVISOR EMERGING ASIA FUND, :
FIDELITY ADVISOR EMERGING MARKETS :
FUND, FIDELITY ADVISOR EMERGING :
MARKETS INCOME FUND, FIDELITY ADVISOR :
EQUITY GROWTH FUND, FIDELITY ADVISOR :
EQUITY INCOME FUND, FIDELITY ADVISOR :
EUROPE CAPITAL APPRECIATION FUND, :
FIDELITY ADVISOR FIFTY FUND, FIDELITY :
ADVISOR FINANCIAL SERVICES FUND, :
FIDELITY ADVISOR FLOATING RATE HIGH :
INCOME FUND, FIDELITY ADVISOR FREEDOM :
2000 FUND, FIDELITY ADVISOR FREEDOM :
2005 FUND, FIDELITY ADVISOR FREEDOM :
2010 FUND, FIDELITY ADVISOR FREEDOM :
2015 FUND, FIDELITY ADVISOR FREEDOM :
2020 FUND, FIDELITY ADVISOR FREEDOM :
2025 FUND, FIDELITY ADVISOR FREEDOM :
2030 FUND, FIDELITY ADVISOR FREEDOM :
2035 FUND, FIDELITY ADVISOR FREEDOM :
2040 FUND, FIDELITY ADVISOR FREEDOM :
INCOME FUND, FIDELITY ADVISOR GLOBAL :
EQUITY FUND, FIDELITY ADVISOR :
GOVERNMENT INVESTMENT FUND, FIDELITY :
ADVISOR GROWTH & INCOME FUND, :
FIDELITY ADVISOR GROWTH & INCOME :
FUND II, FIDELITY ADVISOR GROWTH :
OPPORTUNITIES FUND, FIDELITY ADVISOR :
HEALTH CARE FUND, FIDELITY ADVISOR :
HIGH INCOME ADVANTAGE FUND, FIDELITY :
ADVISOR HIGH INCOME FUND, FIDELITY :
ADVISOR INFLATION-PROTECTED BOND :
FUND, FIDELITY ADVISOR INTERMEDIATE :
BOND FUND, FIDELITY ADVISOR :
INTERNATIONAL CAPITAL APPRECIATION :
FUND, FIDELITY ADVISOR INTERNATIONAL :
SMALL CAP FUND, FIDELITY ADVISOR :
INVESTMENT GRADE BOND FUND, FIDELITY :
ADVISOR JAPAN FUND, FIDELITY ADVISOR :
KOREA FUND, FIDELITY ADVISOR LARGE :
CAP FUND, FIDELITY ADVISOR LATIN :
**[Caption Continues On Next Page]** :

AMERICA FUND, FIDELITY ADVISOR :
LEVERAGED COMPANY STOCK FUND, :
FIDELITY ADVISOR MID CAP FUND, FIDELITY :
ADVISOR MORTGAGE SECURITIES FUND, :
FIDELITY ADVISOR MUNICIPAL INCOME :
FUND, FIDELITY ADVISOR NATURAL :
RESOURCES FUND, FIDELITY ADVISOR NEW :
INSIGHTS FUND, FIDELITY ADVISOR NEW :
YORK MUNICIPAL INCOME FUND, FIDELITY :
ADVISOR OVERSEAS FUND, FIDELITY :
ADVISOR REAL ESTATE FUND, FIDELITY :
ADVISOR SHORT FIXED-INCOME FUND, :
FIDELITY ADVISOR SHORT-INTERMEDIATE :
MUNICIPAL INCOME FUND, FIDELITY :
ADVISOR SMALL CAP FUND, FIDELITY :
ADVISOR STRATEGIC DIVIDEND & INCOME :
FUND, FIDELITY ADVISOR STRATEGIC :
GROWTH FUND, FIDELITY ADVISOR :
STRATEGIC INCOME FUND, FIDELITY :
ADVISOR TAX MANAGED STOCK FUND, :
FIDELITY ADVISOR TECHNOLOGY FUND, :
FIDELITY ADVISOR TELECOMMUNICATIONS :
& UTILITIES GROWTH FUND, FIDELITY :
ADVISOR VALUE FUND, FIDELITY ADVISOR :
VALUE LEADERS FUND, FIDELITY ADVISOR :
VALUE STRATEGIES FUND, FIDELITY :
AGGRESSIVE INTERNATIONAL FUND, :
FIDELITY AIR TRANSPORTATION PORTFOLIO, :
FIDELITY ARIZONA MUNICIPAL MONEY :
MARKET FUND, FIDELITY ASSET MANAGER, :
FIDELITY ASSET MANAGER: AGGRESSIVE, :
FIDELITY ASSET MANAGER: GROWTH, :
FIDELITY ASSET MANAGER: INCOME, :
FIDELITY AUTOMOTIVE PORTFOLIO, :
FIDELITY BANKING PORTFOLIO, FIDELITY :
BLUE CHIP GROWTH FUND, FIDELITY BLUE :
CHIP GROWTH FUND, FIDELITY BLUE CHIP :
VALUE FUND, FIDELITY BROKERAGE/ :
INVESTMENT MANAGEMENT MARKET FUND, :
FIDELITY CANADA FUND, FIDELITY CAPITAL :
& INCOME FUND, FIDELITY CAPITAL :
APPRECIATION FUND, FIDELITY CASH :
RESERVES, FIDELITY CHEMICALS :
PORTFOLIO, FIDELITY CHINA REGION FUND, :
**[Caption Continues On Next Page]** :

FIDELITY COMPUTERS PORTFOLIO, FIDELITY  :
CONNECTICUT MUNICIPAL MONEY MARKET  :
FUND, FIDELITY CONSTRUCTION & HOUSING  :
PORTFOLIO, FIDELITY CONTRAFUND,  :
FIDELITY CONVERTIBLE SECURITIES FUND,  :
FIDELITY DEFENSE & AEROSPACE  :
PORTFOLIO, FIDELITY DISCIPLINED EQUITY  :
FUND, FIDELITY DISCOVERY FUND, FIDELITY :
ENERGY PORTFOLIO, FIDELITY ENERGY  :
SERVICE PORTFOLIO, FIDELITY  :
ENVIRONMENTAL PORTFOLIO, FIDELITY  :
EQUITY-INCOME FUND, FIDELITY EQUITY-  :
INCOME FUND II, FIDELITY EUROPE FUND,  :
FIDELITY EXPORT AND MULTINATIONAL  :
FUND, FIDELITY FLORIDA MUNICIPAL  :
MONEY MARKET FUND, FIDELITY FOCUSED  :
STOCK FUND, FIDELITY FOOD &  :
AGRICULTURE PORTFOLIO, FIDELITY FOUR-  :
IN-ONE INDEX FUND, FIDELITY FUND,  :
FIDELITY GINNIE MAE FUND, FIDELITY  :
GLOBAL BALANCED FUND, FIDELITY GOLD  :
PORTFOLIO, FIDELITY GOVERNMENT  :
INCOME FUND, FIDELITY GROWTH  :
COMPANY FUND, FIDELITY HOME FINANCE  :
PORTFOLIO, FIDELITY INDEPENDENCE FUND, :
FIDELITY INDUSTRIAL EQUIPMENT  :
PORTFOLIO, FIDELITY INDUSTRIAL  :
MATERIALS PORTFOLIO, FIDELITY  :
INSURANCE PORTFOLIO, FIDELITY  :
INTERMEDIATE GOVERNMENT INCOME  :
FUND, FIDELITY INTERNATIONAL GROWTH & :
INCOME FUND, FIDELITY JAPAN SMALLER  :
COMPANIES FUND, FIDELITY LARGE CAP  :
STOCK FUND, FIDELITY LEISURE PORTFOLIO, :
FIDELITY LOW-PRICED STOCK FUND,  :
FIDELITY MAGELLAN FUND, FIDELITY  :
MASSACHUSETTS MUNICIPAL MONEY  :
MARKET FUND, FIDELITY MEDICAL  :
DELIVERY PORTFOLIO, FIDELITY MEDICAL  :
EQUIPMENT SYSTEMS/ PORTFOLIO, FIDELITY :
MICHIGAN MUNICIPAL MONEY MARKET  :
FUND, FIDELITY MID-CAP STOCK FUND,  :
FIDELITY MONEY MARKET TRUST:  :
RETIREMENT GOVERNMENT MONEY  :
**[Caption Continues On Next Page]**  :

MARKET PORTFOLIO, FIDELITY MONEY          :
MARKET TRUST: RETIREMENT MONEY            :
MARKET PORTFOLIO, FIDELITY MULTIMEDIA :
PORTFOLIO, FIDELITY MUNICIPAL MONEY       :
MARKET FUND, FIDELITY NASDAQ              :
COMPOSITE INDEX FUND, FIDELITY           :
NATURAL GAS PORTFOLIO, FIDELITY          :
NETWORKING & INFRASTRUCTURE              :
PORTFOLIO, FIDELITY NEW JERSEY            :
MUNICIPAL MONEY MARKET FUND,             :
FIDELITY NEW MARKETS INCOME FUND,        :
FIDELITY NEW MILLENNIUM FUND, FIDELITY :
NEW YORK MUNICIPAL MONEY MARKET          :
FUND, FIDELITY NORDIC FUND, FIDELITY      :
OHIO MUNICIPAL MONEY MARKET FUND,        :
FIDELITY OTC PORTFOLIO, FIDELITY PACIFIC :
BASIN FUND, FIDELITY PAPER & FOREST       :
PRODUCTS PORTFOLIO, FIDELITY             :
PENNSYLVANIA MUNICIPAL MONEY             :
MARKET FUND, FIDELITY                     :
PHARMACEUTICALS PORTFOLIO, FIDELITY       :
PURITAN FUND, FIDELITY REAL ESTATE        :
INCOME FUND, FIDELITY RETAILING           :
PORTFOLIO, FIDELITY SELECT MONEY          :
MARKET PORTFOLIO, FIDELITY SHORT-TERM :
BOND FUND, FIDELITY SMALL CAP            :
INDEPENDENCE FUND, FIDELITY SMALL CAP :
RETIREMENT FUND, FIDELITY SMALL CAP       :
STOCK FUND, FIDELITY SOFTWARE/           :
COMPUTER SERVICES PORTFOLIO, FIDELITY  :
SOUTHEAST ASIA FUND, FIDELITY SPARTAN  :
GOVERNMENT INCOME FUND, FIDELITY         :
STOCK SELECTOR FUND, FIDELITY            :
STRUCTURED LARGE CAP GROWTH FUND,        :
FIDELITY STRUCTURED LARGE CAP VALUE       :
FUND, FIDELITY STRUCTURED MID CAP         :
GROWTH FUND, FIDELITY STRUCTURED MID :
CAP VALUE FUND, FIDELITY TAX-FREE         :
MONEY MARKET FUND, FIDELITY TOTAL        :
BOND FUND, FIDELITY TRANSPORTATION       :
PORTFOLIO, FIDELITY TREND FUND,          :
FIDELITY U.S. BOND INDEX FUND, FIDELITY  :
U.S. GOVERNMENT RESERVES, FIDELITY       :
ULTRA-SHORT BOND FUND, FIDELITY          :
**[Caption Continues On Next Page]**      :

UTILITIES FUND, FIDELITY UTILITIES          :
GROWTH PORTFOLIO, FIDELITY VALUE            :
DISCOVERY FUND, FIDELITY WIRELESS           :
PORTFOLIO, FIDELITY WORLDWIDE FUND,         :
SPARTAN 500 INDEX FUND, SPARTAN             :
ARIZONA MUNICIPAL INCOME FUND,              :
SPARTAN CA MUNICIPAL MONEY MARKET           :
FUND, SPARTAN CALIFORNIA MUNICIPAL          :
INCOME FUND, SPARTAN CONNECTICUT            :
MUNICIPAL INCOME FUND, SPARTAN              :
EXTENDED MARKET INDEX FUND, SPARTAN         :
FLORIDA MUNICIPAL INCOME FUND,              :
SPARTAN INTERMEDIATE MUNICIPAL              :
INCOME FUND, SPARTAN INTERNATIONAL          :
INDEX FUND, SPARTAN INVESTMENT GRADE :
BOND FUND, SPARTAN MA MUNICIPAL             :
MONEY MARKET FUND, SPARTAN                  :
MARYLAND MUNICIPAL INCOME FUND,             :
SPARTAN MASSACHUSETTS MUNICIPAL             :
INCOME FUND, SPARTAN MICHIGAN               :
MUNICIPAL INCOME FUND, SPARTAN              :
MINNESOTA MUNICIPAL INCOME FUND,            :
SPARTAN MONEY MARKET FUND, SPARTAN          :
MUNICIPAL INCOME FUND, SPARTAN              :
MUNICIPAL MONEY FUND, SPARTAN NEW           :
JERSEY MUNICIPAL INCOME FUND, SPARTAN :
NEW YORK MUNICIPAL INCOME FUND,             :
SPARTAN NJ MUNICIPAL MONEY MARKET           :
FUND, SPARTAN NY MUNICIPAL MONEY            :
MARKET FUND, SPARTAN OHIO MUNICIPAL         :
INCOME FUND, SPARTAN PENNSYLVANIA           :
MUNICIPAL INCOME FUND, SPARTAN SHORT- :
INTERMEDIATE MUNICIPAL FUND, SPARTAN :
TAX-FREE BOND FUND, SPARTAN TOTAL           :
MARKET INDEX FUND, SPARTAN U.S. EQUITY :
INDEX FUND, SPARTAN U.S. GOVERNMENT         :
MONEY MARKET FUND, and SPARTAN U.S.         :
TREASURY MONEY MARKET FUND                  :
(collectively, the "FIDELITY FUNDS"),       :
                                            :
               Nominal Defendants.          :
_____ X

Plaintiffs ("plaintiffs"), by and through their counsel, alleges the following based upon the investigation of counsel, which included a review of United States Securities and Exchange Commission ("SEC") filings, as well as other regulatory filings, reports, and advisories, press releases, media reports, news articles, academic literature, and academic studies. Plaintiffs believe that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      Plaintiffs bring this action as a class action on behalf of investors in mutual funds belonging to the Fidelity Investments family of mutual funds (*i.e.*, the "Fidelity Funds," as defined in the caption above and on the list annexed hereto as Exhibit A) and derivatively on behalf of the Fidelity Funds, against the Fidelity Funds investment advisors, the Fidelity Funds principle underwriter, the investment advisers' and underwriters' corporate parents and the Fidelity Funds trustees.

2.      This complaint alleges that FMR Corp. (d/b/a Fidelity Investments) and its affiliated investment advisers and distributors (Fidelity Distributors Corporation ("FDC")) (collectively referred to herein as "Fidelity"), drew upon the assets of the Fidelity Funds to pay brokers to aggressively push Fidelity Funds over other funds, and that Fidelity concealed such payments from investors by disguising them as brokerage commissions. Such brokerage commissions, through payable from fund assets, were not disclosed to investors in the Fidelity Funds public filings or elsewhere.

3.      Thus Fidelity Funds investors were thus induced to purchase Fidelity Funds by brokers who received undisclosed payments from Fidelity to push Fidelity Funds over other mutual funds and who therefore had an undisclosed conflict of interest. Then, once invested in

F:\FIDELITY\CMPLTAWA.WPD

one or more of the Fidelity Funds, Fidelity Funds investors were charged and paid undisclosed fees that were improperly used to pay brokers to aggressively push Fidelity Funds to still other brokerage clients.

4.      Fidelity was motivated to make these secret payments to finance the improper marketing of Fidelity Funds because their fees were calculated as a percentage of the funds' average daily net asset value and, therefore, tended to increase as the number of Fidelity Funds investors grew. Fidelity attempted to justify this conduct on the ground that, by increasing the Fidelity Funds assets, they were creating economies of scale that insured to the benefit of investors. Once an adviser's assets under management reach a critical mass, however, each additional dollar of revenue is virtually pure profit, since the larger a portfolio, the greater the benefits from economies of scale and the less it costs per dollar invested to provide investment advisory services. In truth and in fact, Fidelity Funds investors received none of the benefits of these purported economies of scale.

5.      Yet, during the Class Period (as defined herein), Fidelity continued to skim million from the Fidelity Funds to finance its ongoing marketing campaign. The Fidelity Funds trustees, who purported to be Fidelity Funds investor watchdogs, knowingly or recklessly permitted this conduct to occur.

6.      By engaging in this conduct, Fidelity and the defendant entities that control it breached their statutorily-defined fiduciary duties under Sections 36(a) and (b) of the Investment Company Act of 1940 (the "Investment Company Act") and Sections 206 of the Investment Advisers Act (the "Investment Advisers Act"), breached their common law fiduciary duties, and knowingly aided and abetted the brokers in the breach of fiduciary duties to their clients. Fidelity also violated Section 34(b) of the Investment Company Act because, to further its improper

F:\FIDELITY\CMPLTAWA.WPD

2

course of conduct, it made untrue statements of material fact in fund registration statements, and

omitted to disclose material facts concerning the procedure for determining the amount of fees

payable to Fidelity and concerning the improper uses to which the fees were put. Additionally,

the Fidelity Funds trustees breached their statutory and common law fiduciary duties to the

Fidelity Funds investors by knowingly and/or recklessly allowing the improper conduct alleged

herein to occur and harm Fidelity Funds investors.

      7.      On January 28, 2004, the *Los Angeles Times* published an article about a Senate

committee hearing on mutual fund abuses which stated, in pertinent part, as follows:

> "The mutual fund industry is indeed the world's largest skimming
> operation," said Sen. Peter Fitzgerald (R-Ill.), chairman of the
> panel, comparing the scandal-plagued industry to "a $7-trillion
> trough" exploited by fund managers, brokers, and other insiders.

## JURISDICTION AND VENUE

      8.      The claims asserted herein arise under and pursuant to Sections 34(b), 36(b) and

48(a) of the Investment Company Act, 15 U.S.C. §§ 80a-33(b), 80a-35(a) and (b) and 80a-47(a),

Sections 206 and 215 of the Investment Advisers Act (15 U.S.C. §§ 80b-6 and 80b-15, and

common law.

      9.      This Court has jurisdiction over the subject matter of this action pursuant to

Section 44 of the Investment Company Act, 15 U.S.C. § 80a-43; Section 214 of the Investment

Advisers Act, 15 U.S.C. § 80b-14; and 28 U.S.C. §§ 1391(b).

      10.     Many of the acts charged herein, including the preparation and dissemination of

materially false and misleading information, occurred in substantial part in this District.

Defendants conducted other substantial business within this District and many Class members

reside within this District. Defendant Fidelity Management and Research Company ("FMR"),

FMR Co., Inc. ("FMRC"), and FMR Corp. and FDC were active participants in the wrongful conduct alleged herein and are headquartered within this District, as described below.

11.    In connection with the acts alleged in this complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications and the facilities of the national securities markets.

## PARTIES

12.    Plaintiff Ghassan J. Awali purchased during the Class Period and continues to own shares or units of the Fidelity Contrafund, Fidelity Magellan Fund, and Fidelity OTC Portfolio, and has been damaged by the conduct alleged herein.

13.    Plaintiff Marina Berti purchased during the Class Period and continues to own shares or units of the Fidelity Advisor Small Cap Fund and has been damaged by the conduct alleged herein.

14.    Plaintiff Valerie A. Daspit purchased during the Class Period and continues to own shares or units of the Fidelity Advisor Equity Growth Fund, Fidelity Advisor Dividend Growth Fund, and Fidelity Advisor Technology Fund, and has been damaged by the conduct alleged herein.

15.    Plaintiff Arthur G. Denker purchased during the Class Period and continues to own shares or units of the Fidelity Advisor Equity Growth Fund and has been damaged by the conduct alleged herein.

16.    Plaintiff Randall C. Heyward purchased during the Class Period and continues to own shares or units of the Fidelity Advisor Mid Cap Fund and has been damaged by the conduct alleged herein.

F:\FIDELITY\CMPLTAWA.WPD

4

17.    Plaintiff Stanley H. Krupa purchased during the Class Period and continues to own shares or units of the Fidelity Southeast Asia Fund, Fidelity Small Cap Stock Fund, Fidelity Contrafund, Fidelity Low-Priced Stock Fund, Small Cap Selector Fund Fidelity Small Cap Independence Fund, and has been damaged by the conduct alleged herein.

18.    Plaintiff Nicole Lenzi purchased during the Class Period and continues to own shares or units of the Fidelity Advisor Dividend Growth Fund, Fidelity Advisor Growth & Income Fund, and Fidelity Advisor Equity Growth Fund, and has been damaged by the conduct alleged herein.

19.    Plaintiff David M. Lucoff purchased during the Class Period and continues to own shares or units of the Fidelity Advisor Diversified International Fund and the Fidelity Advisor Dividend Growth Fund and has been damaged by the conduct alleged herein.

20.    Plaintiff Joseph F. Martingano purchased during the Class Period and continues to own shares or units of the Fidelity Advisor Aggressive Growth Fund and has been damaged by the conduct alleged herein.

21.    Plaintiff Michael S. Mendolia purchased during the Class Period and continues to own shares or units of the Spartan Pennsylvania Municipal Income Fund, Fidelity Contrafund, Fidelity Advisor Growth & Income Fund, Fidelity Magellan Fund, Spartan U.S. Equity Index Fund, and Fidelity Advisor Overseas Fund, and has been damaged by the conduct alleged herein.

22.    Plaintiff Patricia K. Munshaw purchased during the Class Period and continues to own shares or units of the Fidelity Advisor Equity Growth Fund and the Fidelity Advisor Growth Opportunities Fund and has been damaged by the conduct alleged herein.

23.    Plaintiff Brian D. Reese purchased during the Class Period and continues to own shares or units of the Fidelity Advisor Equity Growth Fund, Fidelity Advisor Growth & Income

Fund, and the Fidelity Advisor Growth Opportunities Fund, and has been damaged by the conduct alleged herein.

24. Plaintiff Jay J. Rupp purchased during the Class Period and continues to own shares or units of the Fidelity Advisor Growth Opportunities Fund, and the Fidelity Advisor Asset Allocation Fund, and has been damaged by the conduct alleged herein.

25. Plaintiff Gilbert P. Travis purchased during the Class Period and continues to own shares or units of the Fidelity Trend Fund and has been damaged by the conduct alleged herein.

26. Plaintiff Jewel R. Travis purchased during the Class Period and continues to own shares or units of the Fidelity Trend Fund and has been damaged by the conduct alleged herein.

27. Defendant FMR is registered as an investment advisory under the Investment Advisers Act and managed and advised the Fidelity Funds during the Class Period. FMR had overall responsibility for directing each fund's investments and handling its business affairs. Investment management fees payable to FMR are calculated as a percentage of the funds' average net assets. As of March 28, 2002, FMR had approximately $13.6 billion in discretionary assets under management. The primary business address of FMR is One Federal Street, Boston, Massachusetts 02110.

28. Defendant FMRC is registered as an investment adviser under the Investment Advisers Act and serves as the sub-adviser for each of the Fidelity Funds during the Class Period and has day-to-day responsibility for choosing investments for the funds. FMR pays FMRC for its providing sub-advisory services. FMRC is an affiliate of FMR and as of March 28, 2002, had approximately $543.8 billion in assets under management. The primary business address of FMR is One Federal Street, Boston, Massachusetts 02110.

29. Defendant FMR Corp., a corporation organized in 1972, is the ultimate parent

company of FMR and FMRC. During the Class Period, FMR Corp. and its subsidiaries' primary business activities included the provision of investment advisory, management and certain fiduciary services for individual and institutional investors, and the provision of securities brokerage services. Members of defendant Edward C. Johnson III's ("Ned Johnson") family, including defendants Ned Johnson and Abigail Johnson, as well as Abigail Johnson's brother, Edward C. Johnson IV and her sister Elizabeth L. Johnson (the "Johnson Family Group"), are the predominant owners of Class B shares of common stock of FMR Corp., a private corporation, representing approximately 49% of the voting power of FMR Corp. The Johnson Family Group and all other Class B shareholders have entered into a shareholders' voting agreement under which all Class B shares will be voted in accordance with the majority vote of Class B shares. Accordingly, through their ownership of voting common stock and the execution of the shareholders' voting agreement, the Johnson Family Group may be deemed, under the Investment Company Act, to form a controlling group with respect to FMR Corp. The remaining 51% of the firm's Class B shares are owned by other Fidelity employees. The principal business address of FMR Corp. is 82 Devonshire Street, Boston, MA 02109.

30.    Defendant Edward C. Johnson IV owns a reported 5.6 percent of the voting power of FMR Corp., and, as discussed above, is a member of the controlling group of FMR Corp.

31.    Defendant Elizabeth L. Johnson owns a reported 5.6 percent of the voting power of FMR Corp., and, a discussed above, is a member of the controlling group of FMR Corp.

32.    Defendant FDC, a Massachusetts corporation and broker-dealer registered under the Securities Exchange Act of 1934, acts as general distributor for the Fidelity Funds. In this capacity, FDC underwrites, sponsors and provides retailing services for the Fidelity Funds. FDC's principal business address is 82 Devonshire Street, Boston, Massachusetts 02109.

33.    Defendant Ned Johnson has amassed a sizeable fortune at the helm of FMR Corp.,

which Diana B. Henriques described in her book, Fidelity's World, in early 1995, as:

> one of the largest investors in the securities of bankrupt companies, so powerful
> that it virtually dictated the terms under which both R.H. Macy & Company and
> Federated Department Stores were reorganized after respective bankruptcies—
> and then almost single-handedly brought about the merger of those two chains to
> create the biggest retailing empire in the country. Fidelity had become one of the
> largest stock-trading operations in the world, through a discount brokerage
> services that was second in size only to that of Charles A. Schwab. Through its
> private venture capital operation, it held a stake in countless small businesses,
> including a chain of art galleries and an executive recruiting firm. It owned a
> collection of small newspapers that ringed Boston, and a glossy magazine that
> covered the investment world. It was the largest property owner in downtown
> Boston—and the biggest mutual company in the world. And it remained private,
> entirely in the control of one intensively secretive man, Ned Johnson.
>
> Not since the days of the robber barons, and perhaps not even then, had so much
> money — other people's money — been controlled by a single individual. It was
> an arrangement that, inevitably, would change the financial face of America.

34.    Ned Johnson owns approximately 12 percent of FMR Corp.'s voting stock. After

taking over from his father, Edward C. Johnson, II, as president of Fidelity in 1972 and chairman

in 1976, Ned Johnson pioneered such mutual fund practices as selling directly to investors rather

than through brokers, offering discount brokerage services, forming a unit to handle big

institutional accounts, and creating dozens of funds that specialize in specific industries or

geographic regions.

35.    During the Class Period, Ned Johnson was the Chairman of the Board of Trustees

and an interested Trustee of at least 269 funds advised by FMR or an affiliate. During the Class

Period, Net Johnson also acted as Chief Executive officer, Chairman and Director of FMRC;

Director and Chairman of the Board and of the Executive Committee of FMR; and Chairman and

a Director of FMR Co., Inc. Ned Johnson's business address is 82 Devonshire Street, Boston,

Massachusetts 02109.

36.     During the Class Period, defendant Abigail P. Johnson ("Abigail Johnson") was an interested Trustee of at least 269 funds advised by FMR or an affiliate. During the Class Period, Abigail Johnson also acted as: a Senior Vice President of various Fidelity Funds; President and a Director of FMR; President and a Director of FMRC; and as a Director of FMR Corp. Abigail Johnson holds 24.5 percent of FMR Corp.'s voting stock -- a stake valued at about \$10 billion. Abigail Johnson's business address is 82 Devonshire Street, Boston, Massachusetts 02109.

37.     During the Class Period, defendant Peter S Lynch ("Lynch") was an interested Trustee of at least 269 funds advised by FMR or an affiliate. During the Class Period, Lynch also acted as: Vice Chairman and a Director of FMR: and Vice Chairman and a Director of FMRC. Lynch's business address is 82 Devonshire Street, Boston, Massachusetts 02102.

38.     During the Class Period, defendant Laura B. Cronin ("Cronin") was an interested Trustee of at least 269 funds advised by FMR or an affiliate. During the Class Period, Cronin also acted as Executive Vice President and Chief Financial Officer of FMR Corp.; and Chief Financial Officer of FMR, Fidelity Personal Investments and Fidelity Brokerage Company. Cronin's business address is 82 Devonshire Street, Boston, Massachusetts 02102.

39.     During the Class Period, defendant Robert L. Reynolds ("Reynolds") was an interested Trustee of at least 269 funds advised by FMR or an affiliate. During the Class Period, Reynolds also acted as Chief Operating Officer of FMR Corp. Reynolds' business address is 82 Devonshire Street, Boston, Massachusetts 02102.

40.     During the Class Period, defendant Robert C. Pozen ("Pozen") was an interested Trustee in charge of overseeing numerous funds advised by FMR or an affiliate. During the Class Period, Pozen also acted as President and Director of FMR and FMR Co., Inc.

41. During the Class Period, defendant J. Gary Burkhead ("Burkhead") was a Trustee in charge of overseeing numerous funds advised by FMR or an affiliate. During the Class Period, Burkhead also acted as Vice Chairman and Member of the Board of Directors of FMR Corp.

42. During the Class Period, defendant J. Michael Cook ("Cook") was an non-interested Trustee of at least 269 funds advised by FMR or an affiliate. In 2003, for his services as a Fidelity Funds trustee, Cook received compensation totaling $246,000.

43. During the Class Period, defendant Ralph F. Cox ("Cox") was an non-interested Trustee of at least 269 funds advised by FMR or an affiliate. In 2003, for his services as a Fidelity Funds trustee, Cox received compensation totaling $256,500.

44. During the Class Period, defendant Robert M. Gates ("Gates") was an non-interested Trustee of at least 269 funds advised by FMR or an affiliate. In 2003, for his services as a Fidelity Funds trustee, Gates received compensation totaling $250,500.

45. During the Class Period, defendant Donald J. Kirk ("Kirk") was an non-interested Trustee of at least 269 funds advised by FMR or an affiliate. In 2003, for his services as a Fidelity Funds trustee, Kirk received compensation totaling $256,500.

46. During the Class Period, defendant Marie L. Knowles ("Knowles") was an non-interested Trustee of at least 269 funds advised by FMR or an affiliate. In 2003, for her services as a Fidelity Funds trustee, Knowles received compensation totaling $255,600.

47. During the Class Period, defendant Ned C. Lautenbach ("Lautenbach") was an non-interested Trustee of at least 269 funds advised by FMR or an affiliate. In 2003, for his services as a Fidelity Funds trustee, Lautenbach received compensation totaling $246,000.

48. During the Class Period, defendant Marvin L. Mann ("Mann") was an non-

F:\FIDELITY\CMPLTAWA.WPD

10

interested Trustee of at least 269 funds advised by FMR or an affiliate. In 2003, for his services as a Fidelity Funds trustee, Mann received compensation totaling \$330,000.

49.   During the Class Period, defendant William O. McCoy ("Cook") was an non-interested Trustee of at least 271 funds advised by FMR or an affiliate. In 2003, for his services as a Fidelity Funds trustee, McCoy received compensation totaling \$285,000.

50.   During the Class Period, defendant William S. Stavropoulos ("Stavropoulos") was an non-interested Trustee of at least 269 funds advised by FMR or an affiliate. In 2003, for his services as a Fidelity Funds trustee, Stavropoulos received compensation totaling \$256,500.

51.   During the Class Period, defendant George H. Heilmeier ("Heilmeier") was an non-interested Trustee of at least 269 funds advised by FMR or an affiliate.

52.   During the Class Period, defendant Gerald C. McDonough ("McDonough") was an non-interested Trustee of numerous funds advised by FMR or an affiliate. In 2000, for his services as a Fidelity Funds trustee, McDonough received compensation totaling \$269,000.

53.   During the Class Period, defendant Thomas R. Williams ("Williams") was an non-interested Trustee of numerous funds advised by FMR or an affiliate. In 2000, for his services as a Fidelity Funds trustee, Williams received compensation totaling \$213,000.

54.   Defendant John Does 1-100 were Trustees or other officers charged with overseeing the Fidelity fund complex during the Class Period, and any other wrongdoers later discovered, whose identifies have yet to be ascertained and which will be determined during the course of plaintiffs' counsel's ongoing investigation.

55.   Defendants Ned Johnson, Abigail Johnson, Lynch, Cronin, Reynolds, Pozen, Burkhead, Cook, Cox, Gates, Kirk, Knowles, Lautenbach, Mann, McCoy, Stavropoulos, Heilmeier, McDonough, Williams, and John Does 1-100 are collectively referred to herein as the

F:\FIDELITY\CMPLTAWA.WPD

11

"Trustee Defendants."

56.    Nominal defendants the Fidelity Funds are an open-end management companies of capital invested by mutual fund shareholders, each having a board of trustees charged with representing the interests of the shareholders in one or a series of the funds. The Fidelity Funds are named as nominal defendants to the extent that they may be deemed necessary and indispensable parties pursuant to Rule 19 of the Federal Rules of Civil Procedures and to the extent necessary to ensure the availability of adequate remedies.

## PLAINTIFFS' CLASS ACTION ALLEGATIONS

57.    Plaintiffs bring certain of these claims as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all persons or entities who purchased, redeemed or held shares or like interests in any of the Fidelity Funds between July 19, 1999 and November 17, 2003, inclusive (the "Class Period"), and who were damaged thereby (the "Class"). Excluded from the Class are defendants, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

58.    The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to plaintiffs at this time and can only be ascertained through appropriate discovery, plaintiffs believe that there are many thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Fidelity and the Fidelity Funds and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

59.    Plaintiffs' claims are typical of the claims of the members of the Class as all

F:\FIDELITY\CMPLTAWA.WPD

12

members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

60.     Plaintiffs will fairly and adequately protect the interests of the members of the Class and have retained counsel competent and experienced in class and securities litigation.

61.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

a.     whether the Investment Company Act was violated by defendants' acts as alleged herein;

b.     whether the Investment Advisers Act was violated by defendants' acts as alleged herein;

c.     whether Fidelity breached their common law fiduciary duties and/or knowingly aided and abetted common law breeches of fiduciary duties;

d.     whether statements made by defendants to the investing public during the Class Period misrepresented or omitted to disclose material facts about the business, operations and financial statements of the Fidelity Funds; and

e.     to what extent the members of the Class have sustained damages and the proper measure of damages.

62.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of

F:\FIDELITY\CMPLTAWA.WPD

13

this action as a class action.

## SUBSTANTIVE ALLEGATIONS

### The Trustee Defendants Breached Their
### Fiduciary Duties To Fidelity Funds Investors

63.    Fidelity Funds' public filings state that the Fidelity Funds have boards of trustee

that are responsible for the management and supervision of each fund.  In this regard, the

Statement of Additional Information dated December 30, 2002 for funds offered by Fidelity

Investment Trust is available to the investor upon request (the "Statement of Additional

Information") and is typical of the Statements of Additional Information available for other

Fidelity Funds.  It states: **"The Board of Directors governs each fund and is responsible for**

**protecting the interests of shareholders.**  The Trustees are experienced executives who meet

periodically throughout the year to oversee each fund's activities, review contractual

arrangements with companies that provide services to each fund, and review each fund's

performance.  **Except for William O. McCoy, each of the Trustees oversees 269 funds**

**advised by FMR or affiliate.  Mr. McCoy oversees 271 funds advised by FMR or an**

**affiliate."** [Emphasis added.]

64.    Moreover, the Statement of Additional Information states, with respect to the

duties of the trustees vis-a-vis the funds' investment adviser, as follows:

> Under the terms of its management contract with each fund, FMR
> acts as investment adviser and, **subject to the supervision of the
> Board of Trustees,** has overall responsibility for directing the
> investments of the fund is accordance with its investment
> objective, policies and limitations.

>                    *    *    *

> The Committee on Service Fees is composed of Messrs. McCoy
> (Chairman), Cook, Kirk, and Lantenbach.  The committee