# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMES GILLIAM, Individually And On Behalf Of All Others Similarly Situated, | ) ) ) | No. 04-cv-11600-NG |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| FIDELITY MANAGEMENT & RESEARCH COMPANY, et al., | ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| BOGATIN FAMILY TRUST, Individually And On Behalf Of All Others Similarly Situated, | ) ) ) | No. 04-cv-11642-NG |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| FIDELITY MANAGEMENT & RESEARCH COMPANY, et al., | ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| CYNTHIA A. BENNETT and GUY E. MILLER, | ) ) ) ) | No. 04-cv-11651-MLW |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| FIDELITY MANAGEMENT & RESEARCH COMPANY, et al., | ) ) ) | |
| Defendants. | ) ) | |

[Caption continues on next page]

GHASSAN J. AWALI et al. Individually And )
On Behalf Of All Others Similarly Situated, )
                                           )    No. 04-cv-11709-MLW
                              Plaintiff,    )
                                           )
        v.                                 )
                                           )
FIDELITY MANAGEMENT & RESEARCH )
COMPANY, et al.,                           )
                                           )
                              Defendants.   )
                                           )
_____ )
WILLIAM S. GROESCHEL, Individually And )
On Behalf Of All Others Similarly Situated, )
                                           )    No. 04-cv-11735-GAO
                              Plaintiff,    )
                                           )
        v.                                 )
                                           )
FIDELITY MANAGEMENT & RESEARCH )
COMPANY, et al.,                           )
                                           )
                              Defendants.   )
                                           )
_____ )
NANCY HAUGEN, MICHAEL F. MAGNAN, )
KAREN L. MAGNAN, ROSE M.                   )
IANNACCONE, PRESLEY C. PHILLIPS,           )    No. 04-cv-11756-MLW
ANDREA M. PHILLIPS, and CINDY              )
SCHURGIN, for the use and benefit of       )
FIDELITY MAGELLAN and FIDELITY             )
CONTRAFUND,                                )
                                           )
                              Plaintiffs,   )
                                           )
        v.                                 )
                                           )
FIDELITY MANAGEMENT & RESEARCH )
COMPANY and FMR CO., INC.,                 )
                                           )
                              Defendants.   )

[Caption continues on next page]

DAVID O. FALLERT, Individually And On )
Behalf Of All Others Similarly Situated, )
                                )  No. 04-cv-11812-MLW
                     Plaintiff, )
                                )
     v. )
                                )
FIDELITY MANAGEMENT & RESEARCH )
COMPANY, et al., )
                                )
                  Defendants. )
                                )
                                )

## THE *HAUGEN* PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY

The *Haugen* Plaintiffs respectfully move this Court for leave to file Supplemental Authority in Opposition to the *Gilliam* Plaintiffs' Motions for Consolidation and Appointment to Tri-lead Counsel and Liaison Counsel, in order to bring to this Court's attention, Judge O'Toole's Memorandum and Order in *Forsythe v. Sun Life Financial, Inc.*, Civil Action No. 04-10584-GAO (D. Mass. January 13, 2005) ("*Forsythe*") (attached hereto as Exhibit 1).

In *Forsythe,* the Court denied consolidation of three revenue sharing class actions brought against Massachusetts Financial Services ("MFS")[1] with an excessive management fee action brought against MFS under Section 36(b) of the Investment Companies Act ("ICA"), 15 U.S.C. §80a-35(b).[2]  On facts virtually indistinguishable from the facts in these cases, the Court

---

[1] The three revenue sharing cases are:  *Forsythe, Eddings v. Sun Life Financial, Inc., et al.*, Civil Action No. 04-10764 (D. Mass.) ("*Eddings*"), and *Koslow v. Sun Life Financial, Inc. et al.*, Civil Action No. 04-11019-GAO (D. Mass.) ("*Koslow*").  For the Court's convenience, a copy of the *Forsythe* Complaint is attached hereto as Exhibit 2. With the exception of the named plaintiffs, the *Eddings* Complaint and the *Koslow* Complaint are identical to the *Forsythe* Complaint.

[2] The excessive management fee action is: *Dumond v. Massachusetts Financial Services Company, et al.,* Civil Action No. 04-11458-GAO.  For the Court's convenience, a copy of the *Dumond* Complaint is attached hereto as Exhibit 3.

held that "despite certain commonalities among the four actions, consolidation of all four would not be appropriate in this instance for a number of reasons."  Exhibit 1, p. 3.

First, the Court held:  "[T]here are significant differences with respect to the parties and claims asserted....    While consolidation of the *Forsythe*, *Eddings* and *Koslow* actions is appropriate, consolidation of all four actions will unnecessarily delay the *Dumond* action, as that action is not like to have the standing an class certification issues that the consolidated *Forsythe*, *Eddings* and *Koslow* actions will likely have."  *Id.*, pp. 3-4.

Second, the Court held:

> The *Dumond* Plaintiffs' section 36(b) claims differ from the section 36(b) claims in the *Forsythe, Eddings,* and *Koslow* actions.  The *Dumond* plaintiffs allege that the MFS Funds' investment advisor and principal underwriter and distributor have charged and continue to charge fees that a re disproportionately large, bear no reasonable relationship to the services rendered, and could not have been the produce of arm's-length bargaining. The gravamen of their complaint relates to the defendants' alleged (i) failure to pass on to shareholders excess profits from economies of scale, (ii) provision of the same services to institutional clients for substantially lower fees that the defendants charge the funds, and (iii) payments of commissions to securities broker-dealers to executes trades fro the funds in exchange for so-called "soft dollars" that benefits the defendants and not the funds.  Like the *Dumond* plaintiffs, the *Forsythe*, *Eddings*, and *Koslow* plaintiffs allege that by receiving excessive advisory fees and inappropriate compensation, the MFS funds' advisor and distributor have breached their fiduciary duties in violation of section 36(b) of the ICA. But their theory of liability is premised on the defendants' (i) improper collection of Rule 12b-1 marketing fees, (ii) use of fund assets to make undisclosed payments of "soft dollars", and (iii) payment of excessive commissions to brokers in exchange for preferential marketing services.

*Id.*, p. 4.

Finally, the Court concluded:  "[T]here is a real possibility that, due to conflicts of interest, the rights of some plaintiffs would be prejudiced by the consolidation of all four actions and the appointment of Milberg Weiss, Weiss & Yourman and Berstein Litowitz as co-lead counsel to oversee the actions."  *Id.*

The Court's decision in *Forsythe* speaks directly to each of the reasons that consolidation should be denied here: first, consolidation would unnecessarily delay resolution of the *Haugen* Action and the related *Bennett* Action; second, the claims asserted in the *Haugen* Action and the related *Bennett* Action materially differ from the claims asserted in the *Gilliam* Actions; and finally, although the conflicts in *Forsythe* are of a different type than the conflicts asserted here, the *Gilliam* plaintiffs and their counsel have conflicts of interest that make consolidation improper. This Court should deny consolidation of the *Haugen* Action and the related *Bennett* Action with the *Gilliam* Actions for these very reasons.

Dated: January 18, 2005                Respectfully submitted,

                                       SHAPIRO HABER & URMY LLP

                                       By: /s/ Michelle H. Blauner
                                            Edward F. Haber, BBO #215620
                                            Michelle H. Blauner, BBO # 549049
                                            53 State Street
                                            Boston, MA 02109
                                            (617) 439-3939

                                            Lynn Lincoln Sarko (*pro hac vice*)
                                            Michael D. Woerner (*pro hac vice*)
                                            Gretchen F. Cappio (*pro hac vice*)
                                            KELLER ROHRBACK L.L.P.
                                            1201 Third Avenue, Ste. 3200
                                            Seattle, WA 98101-3052
                                            (206) 623-1900

                                            Gary Gotto
                                            Ron Kilgard
                                            KELLER ROHRBACK P.L.C.
                                            National Bank Plaza
                                            3101 North Central Avenue, Ste. 900
                                            Phoenix, AZ 85012
                                            (602) 248-0088

Michael J. Brickman (*pro hac vice*)
James C. Bradley (*pro hac vice*)
Nina H. Fields (*pro hac vice*)
RICHARDSON, PATRICK, WESTBROOK &
BRICKMAN, LLC
174 East Bay Street
Charleston, SC  29401
(842) 727-6500

Guy M. Burns
Jonathan S. Coleman
Becky Ferrell-Anton
JOHNSON, POPE, BOKOR, RUPPEL &
BURNS, L.L.P.
100 North Tampa Street, Ste. 1800
Tampa, FL  33602
(813) 225-2500

Counsel for the Haugen Plaintiffs


<u>Certification Pursuant to Rule 7.1</u>

On January 18, 2005, I, Michelle H. Blauner, conferred with counsel in these matters for the purposes of attempting to resolve or narrow the issues presented by this motion, and state as follows:  (1) James Benedict, counsel for defendants Fidelity Management & Research Company and FMR Co., Inc., William Shawn McDermott, Counsel for the Fidelity Funds and John S. Kiernan, counsel for the Individual Defendants in the Class Actions, have no opposition to this motion; (2) Nancy Gans, Counsel for the Class Action Plaintiffs, reserves her right to object to this motion;  and (3) Sara Davis, Counsel for the Bennett Plaintiffs, assents to this motion

/s / Michelle H. Blauner